CENTENNIAL BONDING AGENCY, Appellant,

v.

The STATE of Texas, State.

No. 2–85–241–CV.

Court of Appeals of Texas, Fort Worth.

March 19, 1986.

Ken R. Davey, P.C., and Ken R. Davey, Dallas, for appellant.

Dan B. Grissom, Dist. Atty., and Andrew Ottaway, Asst. Granbury, for appellee.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

ASHWORTH, Justice.

Centennial Bonding Agency, appellant, appeals a judgment forfeiting a bail bond in the amount of $50,000.00.

Judgment affirmed.

On May 21, 1985, a judgment nisi was entered in the district court of Hood County, Texas, 355th Judicial District, which recited that Marvin Williams as principal and Centennial Bonding Agency as surety had entered into a bail bond on January 11, 1985 in the penal sum of $50,000.00. The judgment further recited that Marvin Williams had failed to make his personal appearance as required under the provisions of such bond and that therefore the $50,000.00 bond was forfeited.

On July 2, 1985, a hearing was conducted by the trial court with regard to the bond forfeiture. The sheriff of Hood County testified that the original bond which had been filed with him had been returned to Centennial Bonding Agency for technical additions. The corrections were not made and the bond was not returned to the sheriff. The sheriff then contacted the bonding agency on several occasions inquiring as to when the original bond would be returned. The sheriff was informed by someone at the bonding agency that they were unable to find the defendant Williams to sign the bond and that the bond had been discarded. The sheriff further testified that his office had made a copy of the face of the bond and the copy was admitted into evidence over the objection of the bonding agency. Appellant objected to the introduction of the copy into evidence on the basis that it violated the best evidence rule and there

was no proof that the reverse side of the bond had also been reproduced. The sheriff testified that he did not know whether there was any written material on the reverse side of the bond.

Appellant has filed seven points of error which we summarize as follows:

1. The State failed to prove all of the essential elements of its case.

2. The copy of the bond is ineffective and insufficient as a bond and constitutes no evidence in support of the judgment.

3. The copy of the bond was a defective bond rejected by the sheriff and not amended under proper proceedings and was therefore insufficient to support a judgment.

4. It was not shown the judgment nisi occurred in a subsequent proceeding in which a valid bond had been given.

5. The State had given no notice that it would rely on a copy of the bond.

6. A substantial question of authenticity was raised with regard to the bond copy.

7. The bond copy should not have been admitted into evidence because there was no pleading or proof of a lost instrument or notice of the State's intent to offer the same was not given.

We will first address points of error five, six and seven which complain of the introduction of the copy of the bond into evidence. Because of its significance in addressing these points of error and the other points of error raised by appellant, the copy of the bond in question is reproduced in this opinion.

-- C O P Y --

HABEAS CORPUS and APPEARANCE BOND    ☐ MISDEMEANOR   ☑ FELONY

THE STATE OF TEXAS }
COUNTY OF *Hood* }

Know all men by these presents:

That we, _MARVIN WILLIAMS_ , as principal, and all other Signers hereto, as sureties, are firmly bound and held unto the State of Texas in the penal sum of _FIFTH THOUSAND_

·dollars ($ _50,000.00_ ) and in addition thereto, for payment of all necessary and reasonable expenses incurred by any and all Sheriffs, or other peace officers, in effecting rearrest of said principal in the event he fails to appear before the court or courts provided herein at the time or times hereinafter stated, for payment in full of which we do hereby, by these presents, jointly and severally, bind ourselves, our heirs, executors and administrators; Conditioned,

That if said principal shall well and truly appear in the _DISTRICT_

COURT _IN DISTRICT_ of Hood County, Texas, at _____ M., on the _____

day of _____, A.D., 19_85_, in the courtroom of said court, in the courthouse of said County, in the City of _Granbury_, Hood County, Texas pursuant to the order of the Judge thereof, this day made, granting a writ of habeas corpus on application of said principal, it having been called to his attention that said principal is restrained of his liberty by a peace officer of Hood County, Texas, under accusation of a □ misdemeanor □ felony offense against the laws of the State of Texas, said writ being returnable at the time and place aforesaid, and that said principal there remain from day to day, and not depart therefrom without leave of said court, pending examination of and hearing of said writ, in order to abide final determination thereof by said court, or,

If, prior to said time and day said principal has been charged by complaint, information or indictment in any court in Hood County, Texas, with the offense of which he is now accused and for which he is now restrained of his liberty as aforesaid, that if he shall well and truly appear at said time _____ on the _____ day of _____, A.D., 19_85_, in the court _IN DISTRICT_ and there remain from day to day, and not depart therefrom without leave of said court, to answer said charge, so pending against said principal, and for any and all subsequent proceedings and relative, to include the further appearance instanter, or as required, of said principal, before any court or magistrate before whom said cause may be pending at the time, until discharged by due course of law,

Then this bond shall be null and void; otherwise to be and remain in full force and effect.

Witness our hand this __11__ day of _____ _JAN_, A.D., 19_85_

Principal's signature Witnessed by:

_S.J. Reeder_
Jailer

_HCSO - Jail_
Agency

Taken and approved by me this

__11__ day of _JAN_

A.D., 19_85_

_EDWIN_, SHERIFF Hood COUNTY

BY: _THOMAS_
Deputy

_Marvin Williams_
Principal

_#17 Rock Cliff_
Address

_Granbury 76048_
City, State, Zip Code

_____
Surety
CENTENNIAL BONDING AGENCY

Address
407 N. Industrial Blvd.
Dallas, Texas 75207
City, State, Zip Code 214-744-2011

_____
Surety

_____
Address

_____
City, State, Zip Code

The admissibility of the copy of the bond is governed by the rules of evidence as adopted by the Supreme Court of Texas effective November 1, 1984. Rule 1002 requires that the original writing is required to prove the content of a writing. Rule 1003 provides that a duplicate is admissible to the same extent as an original unless a question is raised as to the authenticity of the original or in circumstances where it would be unfair to admit the duplicate in lieu of the original. Rule 1004 provides the original is not required and other evidence of the contents of a writing is admissible if: (1) the originals are lost or have been destroyed unless the proponent lost or destroyed such originals in bad faith; or (2) no original can be obtained by

any available judicial process or procedure; or (3) no original is located in Texas; or (4) at the time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the content would be a subject of proof at the hearing, and he does not produce the original at the hearing; or (5) the writing, recording or photograph is not closely related to a controlling issue.

 In the instant case we find that the admissibility of the bond copy is governed by the provisions of Rule 1003. The questions which must be resolved are whether the authenticity of the original was placed in issue or whether under the circumstances of this case, it would be unfair to admit the duplicate in lieu of the original. We hold that the authenticity of the original was not placed in issue. Appellant attempted to show through the cross-examination of the sheriff that there was material on the reverse side of the original bond which was not reproduced and made a part of the copy. However, the sheriff testified that he did not know whether there was any material printed on the reverse side of the original. There was no testimony or proof which would place the authenticity of the original in issue. Likewise, the introduction of the copy was certainly not unfair to appellant. The original of the instrument had been in appellant's custody and had been discarded or destroyed by the appellant itself. The suit was on the instrument itself and appellant certainly was placed on notice that since it had destroyed the original that secondary evidence would be necessary in order for appellee to prove its case. Appellant's points of error five, six and seven are overruled.

We now direct our attention to appellant's first four points of error. We have reproduced in toto the copy of the bond which is the subject of the instant case. While some of the blanks in the bond have not been properly filled in and while the body of the bond itself fails to state whether the offense charged is a felony or a misdemeanor, we hold that the bond in question satisfies all of the requirements to constitute a binding obligation on the part of the appellant. *See* TEX.CODE CRIM. PROC.ANN. art. 17.08 (Vernon 1977). It is apparent that the bond in question is a felony bond as such designation was made in the heading at the top of the bond. In addition, it seems unlikely a $50,000.00 bond would be required in a misdemeanor case. In summary, we hold that the bond in question as evidenced by the photocopy which was admitted into evidence, is sufficient to impose upon the appellant all obligations of a surety under a $50,000.00 felony bond. Appellant's first four points of error are overruled.

Judgment affirmed.